IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO. 3:09-00158-03

JASON P. BELCHER
    also known as "Biz"

**MEMORANDUM OPINION AND ORDER**

Pending is the Motion of Defendant Jason Belcher for Pre-Sentencing Determination by the Court that the Statutory Range for the Defendant's Conviction on Count One is Zero to Thirty Years (Doc. 353). For the reasons explained below, the Court **GRANTS** the motion. Because Count One of the Indictment included two possible methods for violating 21 U.S.C. § 846, and because the jury returned only a general verdict form, Defendant's statutory sentencing range must be that relevant to the least punishable of the two possible methods. The least method of offense in this case – conspiracy to distribute a quantity of heroin – carries a sentencing range (including an enhancement for a prior drug offense) of zero to thirty years.

**Background**

On June 23, 2009, a federal grand jury returned a ten count indictment charging six defendants with conspiracy to distribute drugs and several individual counts of drug distribution. Defendant Jason P. Belcher was named in Counts One and Four. Count One alleged that Belcher and others engaged in a conspiracy to distribute "50 grams or more of cocaine base . . . and a quantity of heroin." Indictment, June 24, 2009 (Doc. 1). Count Four alleged that Belcher "distributed 5 grams or more of cocaine base." *Id.* On March 8, 2010 the government filed an information pursuant to 21 U.S.C. § 851 alleging a prior drug offense and noticing Defendant of

its intent to seek enhanced penalties for the conspiracy and distribution charges pursuant to 21 U.S.C. § 841(b).

The jury trial in this matter began on March 16, 2010. On March 19, 2010, the final day of the trial, the Court proposed a set of final jury instructions. After a formal conference, on the record, the Court considered various objections to arrive at its final set of proposed instructions. Neither Defendant nor the government objected to the final set of proposed instructions. These included the following instruction, titled "Conjunctive/Disjunctive:"

> In Count One of the indictment, the Government has charged 2 means of violating the statute: conspiracy to distribute either 50 grams or more of cocaine base *or* a quantity of heroin. The Government must prove beyond a reasonable doubt only one of those means – that is, either that the defendant[] conspired to distribute 50 grams or more of cocaine base or a quantity of heroin. But to return a guilty verdict, all twelve of you must agree that the same means has been proved.

Trial Transcript, March 19, 2010. The Court issued the instruction to the jury in a form nearly verbatim of that which it had proposed. *See id.*

On March 19, 2010, the Court also proposed a verdict form to the parties. The Verdict Form tracked the language of the indictment and asked the jury:

> As to the charge of Conspiracy to Distribute 50 grams or more of cocaine base and a quantity of heroin contained in Count One of the indictment, we the jury find the defendant Jason Belcher:[guilty or not guilty].

*Id*. Neither party objected to this proposed verdict form, nor did either party offer a more specific form. After deliberating for a few hours, the jury returned a verdicts of guilty against Defendant

Belcher on the charges in Count One (Conspiracy to Distribute Cocaine and Heroin) as well as Count Four (Distribution of 5 grams or more of Cocaine Base).

Defendant filed the instant motion asking for a pre-sentence determination that the applicable statutory guideline range relevant to Count One is zero to thirty years imprisonment. Defendant argues that because of the two methods included in Count One, the Conjunctive/Disjunctive instruction, and the general jury verdict form, it is impossible to determine whether the jury found Mr. Belcher guilty of conspiracy to distribute heroin, conspiracy to distribute 50 grams or more of cocaine base, or both. Because of this ambiguity Defendant argues that the applicable statutory sentencing range should be the lesser of the two possible methods of commission. In this case, the statutory sentencing range corresponding to a conspiracy to distribute heroin (including the § 851 enhancement) is zero to thirty years. The statutory range corresponding to a conspiracy to distribute 50 grams or more of cocaine base (with the § 851 enhancement) is twenty years to life.

The government concedes that typically a defendant's sentence is restricted to the maximum statutory penalty for the least-punished drug offense upon which the conspiracy is based. The government contends, however, that it is also proper to look at the strength of the evidence upon which the conspiracy conviction is based. According to the government, the evidence in this case overwhelming supports a conviction for conspiracy to distribute 50 grams or more of cocaine base, and the sentencing range for the Count One should reflect these facts.

Neither the government nor Defendant dispute that Mr. Belcher was additionally convicted of distribution of 5 grams or more of cocaine base or that the applicable statutory sentencing range for that conviction (with the inclusion of a § 851 enhancement) is ten years to life.

**Analysis**

The Fourth Circuit Court of Appeals has established that "no defendant [can] be sentenced for more than the statutory maximum for the least-serious, single-drug conspiracy of which he may have been convicted." *United States v. Rhynes*, 196 F.3d 207, 238 (4th Cir. 1999) *rev'd on other grounds en banc,* 218 F.3d 310 (4th Cir. 2000). As the government points out, a possible exception to this rule may have developed within the Fourth Circuit, as exemplified by appellate decisions in *United States v. Bowens*, 224 F.3d 302 (4th Cir. 2000) and *United States v. Mackins*, 315 F.3d 399 (4th Cir. 2003). Such an exception, if it exists, however, is limited and narrow.

In reviewing the district court decisions in *Bowens* and *Mackins*, the court of appeals used a "plain error" standard. *Bowens,* 224 F.3d at 314-315; *Mackins*, 315 F.3d 416. This was the result of the defendants' failure to object to the return of a general verdict form for a multi-drug conspiracy either at trial *or* prior to sentencing. *Bowens,* 224 F.3d at 314-315; *Mackins*, 315 F.3d 416. The plain error standard requires two steps. *See Bowens*, 224 224 F.3d at 314. First, the appellate court must determine if the trial court committed an "error" so obvious as to be "plain." *Id.* Next, the appellate court must decide whether or not to notice the error. The error may be noticed only if it "seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

In both *Bowens* and *Mackins*, the Fourth Circuit determined that the district court had committed plain error by sentencing the defendant to a term of imprisonment greater than the statutory maximum of the least severely punishable offense in the multi-drug conspiracy. *Bowens,* 224 F.3d at 314-315; *Mackins*, 315 F.3d 416. However, both times the court refused to notice the error because evidence of conspiracy to distribute a more severely punishable substance was overwhelming and essentially uncontroverted. *Mackins*, 315 F.3d 416; *accord Bowens,* 224 F.3d at 314-315. As a result, it was not "impossible to determine on which statutory object or objects .

. . the conspiracy conviction was based." *Mackins*, 315 F.3d 416; *accord Bowens,* 224 F.3d at 314-315. Thus, allowing the sentence to stand in each case would not seriously affect the fairness, integrity or public reputation of the judicial proceedings.

Considering the decisions of *Rhynes, Bowens,* and *Mackins*, this Court must first take note of the fact that it is a trial court and not a court of appeals. Each of the above cited cases found the district court to be in error when it sentenced a defendant to a term of imprisonment above the statutory maximum for the least severely punishable offense in a multi-drug conspiracy. Mindful of its role, this Court declines to knowingly commit an error, even if there is a possibility that an appeal court it review might refuse to notice the error – as occurred in *Bowens* and *Mackins*.

In addition, the factual determination of the jury is less clear in the instant case than it was in *Bowens* and *Mackins*. While the government contends that the Court may take into account the strength of the evidence when determining the applicable statutory range, this is an over-generalization of the holdings in *Bowens* and *Mackins*. In each of those cases the Fourth Circuit Court of Appeals held that the evidence presented at trial was largely uncontroverted and so overwhelming as to remove the ambiguity from the general verdict form. As each court stated, is was "not impossible to determine on which statutory objects or objects . . . the conspiracy conviction was based." *Mackins*, 315 F.3d 416; *accord Bowens,* 224 F.3d at 314-315. Thus, there was no conflict with the rule established in *Rhynes* that "no defendant [can] be sentenced for more than the statutory maximum for the least-serious, single-drug conspiracy of which he may have been convicted." *Rhynes*, 196 F.3d at 238. Here, while there was certainly substantial evidence of Defendant Belcher's involvement in a conspiracy involving cocaine base, it was not so overwhelming as to remove all ambiguity from the jury's return of a general verdict form. Moreover, unlike the factual scenario in *Bowens* and *Mackins*, essentially all of the evidence at trial

was controverted – Defendant Belcher took the stand himself and denied all involvement in the crimes alleged against him.

Under these circumstances, the Court must comply with the binding precedent of *Rhynes* and **FIND** that the applicable statutory sentencing range for Count One is that of the least punishable offense in the multi-drug conspiracy. The sentence for conspiracy to distribute a quantity of heroin (including a § 851 enhancement) is zero to thirty years imprisonment. 21 U.S.C. § 841(b). The sentence for conspiracy to distribute 50 grams or more of cocaine base (including a § 851 enhancement) is twenty years to life imprisonment. *Id.* The lesser of these two sentencing ranges – zero to thirty years – will be applied to Defendant Belcher for his conviction of conspiracy to distribute a controlled substance as alleged in Count One of the Indictment. The statutory sentencing range applicable to his conviction under Count Four, distribution of 5 grams or more of cocaine base, is unaffected and remains ten years to life.

### Conclusion

For the above stated reasons, the Court **FINDS** that the sentencing range applicable to Defendant Belcher for his conviction under Count One of the Indictment is zero to thirty years. Defendant Belcher's motion for Pre-Sentencing Determination by the Court that the Statutory Range for the Defendant's Conviction on Count One is Zero to Thirty Years (Doc. 353) is **GRANTED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 13, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE