## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

JASON P. BELCHER,

           Movant,

v.                                     CIVIL ACTION NO. 3:12-4717
                                             (Criminal No. 3:09-00158-03)

UNITED STATES OF AMERICA,

           Respondent.

### ORDER

This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, who has submitted her proposed findings of fact and recommendations for disposition pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The Magistrate's Proposed Findings and Recommendations ("PF&Rs"), ECF No. 513,[1] were filed on March 5, 2014, and the petitioner's objections to the PF&Rs, ECF No. 516, were filed on April 14, 2014.

The petitioner concurs with the sections of the PF&Rs entitled "Procedural History," "Movant's Grounds to Vacate, Set Aside, or Correct His Sentence," and "Standard Under 28 U.S.C. § 2255," but he objects to each of the Magistrate's six substantive sections in the "Discussion" section and to the Magistrate's ultimate "Proposal and Recommendations" section.

The Court has reviewed *de novo* those portions of the Magistrate's PF&Rs to which the petitioner objects, and for the reasons explained below, this Court finds that the petitioner's objections lack merit. Accordingly, the Court **ADOPTS** the Magistrate's PF&Rs, which recommend that this Court **GRANT** the petitioner's Motion to Strike Grounds Three[] and Four [],

---

[1] All ECF citations are derived from the underlying criminal action, No. 3:09-cr-00158-03.

ECF No. 486, **GRANT** the petitioner's Motion for Leave to [] Supplement [his § 2255] Motion . . . with [Three] Issues [], ECF No. 500, and **DENY** the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 474. The Court also **DENIES** the petitioner's request in his objections for an evidentiary hearing regarding his instant Motion because the facts are adequately presented in the materials before the Court, and thus such a hearing would not aid the decisional process. Additionally, the Court **FINDS** that jurists of reason would not find it debatable whether the petitioner's § 2255 Motion states a valid claim of the denial of a constitutional right and, thus, **DENIES** a certificate of appealability.

## I.     Applicable Law

Mr. Belcher brings this challenge to his conviction and sentence on the ground that, through a series of alleged failures, his Sixth Amendment right to effective assistance of counsel was denied both at trial and at appellate proceedings. ECF Nos. 474, 500-1. Mr. Belcher "accepts and concurs" with the statement of applicable law found in Section III the Magistrate's PF&Rs, ECF No. 513 at 3-6, titled "Standard Under 28 U.S.C. § 2255." ECF No. 516. Given that Mr. Belcher's challenges relate to ineffective assistance of counsel, that statement of applicable law particularly focuses on the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984), and subsequent applications of that standard.

In brief, under *Strickland*, the defendant carries the burden of meeting both prongs of a two-prong test. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 1994). The first prong of *Strickland* requires that the defendant show that representation by counsel fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. The Supreme Court counseled that "[j]udicial scrutiny of counsel's performance must be highly deferential," further explaining that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." *Id.* at 689. The second prong of *Strickland* requires that the defendant show not only incompetence, but prejudice such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Like Mr. Belcher, this Court finds that the Magistrate's PF&Rs provide an appropriate and correct statement of the relevant standards and precedents under which to review Mr. Belcher's Petition. Relying on this agreed framework of applicable law, the Court will review, in turn, each of the substantive recommendations found in the PF&Rs and Mr. Belcher's objections thereto.

## II. Discussion

### A. Destruction of Grand Jury Proceeding Records

Mr. Belcher objects to the Magistrate's recommended finding that trial counsel did not provide ineffective assistance of counsel for "failing to more vigorously cross examine Court Reporter Mrs. Demuth, seek corroborating evidence of her husband, subpoena Mr. Vaughn . . . [or] subpoena the said compact flash card with the grand jury proceedings in question." ECF No. 516 at 2. In his objections thereto, Mr. Belcher adds that, given the circumstances, competent counsel would have suspected something less than good faith on the part of Mrs. Demuth. ECF No. 516 at 2-3. Mr. Belcher further argues that cross-examination of Mrs. Demuth should have included reference to (1) the duties prescribed by the Court Reporter Act (CRA) 28 U.S.C. § 753 and (2) the duty of the Court to dismiss the indictment pursuant to Rule 6(e)(1) of the Federal Rules of Criminal Procedure. ECF No. 516 at 3. In light of these alleged shortcomings related to the unfortunate destruction of grand jury transcripts, Mr. Belcher urges that the two-prong test provided under *Strickland v. Washington*, 466 U.S. 668 (1984), is met, and thus he was denied his

Sixth Amendment right to effective assistance of counsel.

Mr. Belcher sites Rule 6(e)(1) of the Federal Rules of Criminal Procedure as support for the proposition that the Court has a "public responsibility to dismiss the indictment" as a result of the inability to produce complete transcripts from the grand jury proceedings. ECF No. 516 at 3. It is plain on the face of the rule, however, that Mr. Belcher over reads the rule in reaching such a conclusion. Rule 6(e)(1) provides:

> (e) Recording and Disclosing the Proceedings
>
> > (1) Recording the Proceedings. Except while the grand jury is deliberating or voting, all proceedings must be recorded by a court reporter or by a suitable recording device. But the validity of a prosecution is not affected by the unintentional failure to make a recording. Unless the court orders otherwise, an attorney for the government will retain control of the recording, the reporter's notes, and any transcript prepared from those notes.

Fed. R. Crim. P. 6(e)(1). The language of the rule plainly does not impose a duty to dismiss. As argued by the defendant's counsel at the pretrial hearing, the Jencks Act, 18 U.S.C. § 3500, provides relatively more support for exclusion of testimony by witnesses whose grand jury testimonies were irretrievably lost. ECF No. 357 at 44-69. However, the Jenks Act similarly does not require dismissal. Pursuant to § 3500(d), in the event of a failure to meet the requirements of the Jencks Act, a court retains discretion and *may* "strike from the record the testimony of the witness," or declare a mistrial *if* the interests of justice so require. 18 U.S.C. § 3500(d); *United States v. Pope*, 574 F.2d 320, 325 (6th Cir. 1978) ("[T]he foregoing [Congressional] analysis persuades us that subsection (d) was not designed to extinguish the normal exercise of judicial discretion by the trial judge where the Act may have been violated by oversight or negligent

conduct not amounting to a conscious election."); *United States v. Peters*, 587 F.2d 1267, 1275 (D.C. Cir. 1978).

Turning to the Court Reporter's Act, 28 U.S.C. § 753, while the Act does prescribe mandatory and accurate recording of judicial proceedings, nothing in the Act itself mandates dismissal in the event of lost or missing notes. Precedent interpreting the Act requires some showing of prejudicial error relating to inadvertent destruction of recordings before discretionary remedial action is warranted. *See United States v. Kelly*, 535 F.3d 1229 (10th Cir. 2008), *certiorari denied*, 555 U.S. 1203 (2009).

The Magistrate found Mr. Belcher's arguments meritless in that: (1) the representation provided by the defendant's counsel, Mr. Collias, at the pretrial hearing on the matter was not objectively unreasonable; and (2) the defendant has failed to establish the prejudice required to warrant dismissal of the indictment or exclusion of the grand jury testimony. With respect to the reasonableness of Mr. Collias's conduct at the pretrial hearing, this Court agrees that it was objectively reasonable. Mr. Belcher has not shown any basis to reasonably assume that more aggressive cross-examination or investigation as now described would have been likely to establish bad faith or culpability. In focusing on establishing negligence on the part of the Government, Mr. Collias pursued a reasonable strategy that might have been engaged by competent counsel in such circumstances.

With respect to Mr. Belcher's allegations of prejudice flowing from Mr. Collias's alleged inadequacies, this Court further agrees with the Magistrate that loss of the grand jury transcripts did not result in significant prejudice. Nothing has been offered by Mr. Belcher to unsettle this Court's previous determination that while "having actual record testimony can be a very valuable tool for counsel, in this case [the Court] really [cannot] find at this point that there's any prejudice

to the defendants that would rise to the level of justifying either of the sanctions sought, that being dismissal of the charges or preclusion of the witnesses." ECF No. 357 at 68.

In reviewing the evidence and arguments before the Court, it is apparent that Mr. Collias's failure to more vigorously cross-examine the court reporter or to seek out further corroborating evidence of her testimony was objectively reasonable and did not result in prejudice against the defendant. The Court therefore agrees with and adopts the Magistrate's PF&Rs relating to the inadvertent destruction of grand jury testimony.

### B. June 24, 2009, Search Warrant of Belcher's Apartment

Mr. Belcher further objects to the Magistrate's recommended finding that trial counsel did not provide ineffective assistance of counsel in electing not to request an *in camera* evidentiary *Franks* hearing to suppress evidence found in the course of executing a search warrant at the Proctorville apartment on June 24, 2009, ECF No. 513 at 11. ECF No. 516 at 3. As acknowledged by Mr. Belcher, the evidence underlying this claim was reviewed by the Court in a motion to suppress argued at the pretrial hearing. ECF No. 513 at 14; *see* ECF No. 500-1 at 18-19. In the course of the pretrial hearing, both the defendant and the Government were allowed to present witness testimony and argument as to the contents of the affidavit. *See* ECF No. 291 at 4. Consistent with common practice, the pretrial motions hearing provided an opportunity for the Court to determine whether the defendant could satisfy the preliminary requirements to hold a *Franks* hearing. *See United States v. Miller*, 534 F.Appx. 204, 207 (4th Cir. 2013); *United States v. Williams*, 526 Fed. Appx. 312, 314 n.3 (4th Cir. 2013). Mr. Belcher has not included in his objections any new or additional documents, testimony, or other evidence that could have been reviewed by the Court at the pretrial hearing. Accordingly, there is no basis to conclude the Mr. Collias's representation was constitutionally deficient.

Moreover, the Court continues to be of the opinion that there was "substantial evidence to support the issuance of this warrant" and that "none of [the incorrect] information would have been essential to the determination of probable cause by Judge Capper." ECF No. 357 at 134, 136. Thus, even had there been an *in camera* evidentiary *Franks* hearing, there is no reason to suspect that the defendant's motion to suppress would have been successful as the warrant would nonetheless have been supported by probable cause. *See Franks*, 438 U.S. at 171-72 ("[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required."); *United States v. McKenzie-Gude*, 671 F.3d 452, 462 (4th Cir. 2011).

In reviewing the evidence and arguments before the Court, it is apparent that Mr. Collias's failure to request an *in camera* evidentiary *Franks* hearing challenging the search warrant was objectively reasonable and did not result in prejudice against the defendant. The Court therefore agrees with and adopts the Magistrate's PF&Rs relating to counsel's decision not to request a *Franks* hearing.

### C. Government Witness Coaching

Mr. Belcher further objects to the Magistrate's recommended finding that trial counsel did not provide ineffective assistance of counsel in "failing to move for a mistrial, or object to the improper coaching of governments [sic] witness Mr. Noah Flora by DEA Agent Wren Ray" at trial," ECF No. 513 at 16. ECF No. 516 at 4-5. During cross-examination by Defendant Robinson's attorney, the Court observed Agent Ray gesturing and shaking his head and directed the Government to stop such conduct going forward. ECF No. 387 at 138-39. During the relevant period, Mr. Flora testified regarding the source of various firearms, whether Defendant Robinson had provided him with a firearm, and related notes taken by Agent Ray. ECF No. 387 at 138. Mr.

Belcher argues that Mr. Collias's failure to move for a mistrial or object to improper coaching "worked to his substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." ECF No. 499-1 at 1. To the contrary, the Court agrees with the Magistrate's PF&Rs, finding no support for Mr. Belcher's claims in this regard.

First, the relevant testimony principally related to the alleged guilt of Mr. Belcher's co-defendant. As the co-defendant was acquitted by the jury, there is no reason to suspect that the jury was improperly swayed by the Government's witness and the alleged coaching. Moreover, the relevant testimony did not directly relate to Mr. Belcher, and there is no accusation that such witness coaching occurred during other portions of Flora's testimony or during the testimony of other Government witnesses. Secondly, the portions of Flora's testimony that did inculpate the defendant were consistent with testimony by additional witnesses. Thus there is limited basis to assume that a mistrial would have been appropriate even had it been requested.

In reviewing the evidence and arguments before the Court, it is apparent that Mr. Collias's failure to move for a mistrial or to object to alleged improper witness coaching was objectively reasonable and did not result in prejudice against the defendant. The Court therefore agrees with and adopts the Magistrate's PF&Rs relating to improper witness coaching.

### D. Closing Arguments and Jury Instructions

#### 1. Closing Arguments

Mr. Belcher further objects to the Magistrate's recommended finding that trial counsel did not provide ineffective assistance of counsel by misstating evidence during summation, ECF No. 499-1 at 5. ECF No. 513 at 20-23. During closing argument, Mr. Collias mistakenly said that there had been no evidence that the defendant had been at the Proctorville apartment the day of or before his arrest. ECF No. 390 at 37; 499-1 at 5. In turn, opposing counsel correctly noted in rebuttal that

the defendant had been at the apartment by his own admission. ECF No. 390 at 58.

Again, the inquiry here must focus on whether any alleged shortcoming in representation resulted in prejudice against the defendant. Irrespective of any misstatements during closing argument, it is evident that the Government's case was not crucially dependent on evidence relating to the Proctorville apartment. The misstatement was necessarily a small portion of the total comments offered during closing and that small portion was itself not integral to the task of undermining the evidence supporting conviction. Accordingly, the Court shares the conclusion reached by the Magistrate that "there is not a reasonable probability that the jury's verdict would have been different but for Mr. Collias's misstatement." ECF No. 513 at 23.

Thus, in reviewing the evidence and arguments before the Court, it is apparent that Mr. Collias's inaccurate statement during closing argument did not result in prejudice against the defendant of the kind necessary to support an ineffective assistance of counsel claim. The Court therefore agrees with and adopts the Magistrate's PF&Rs relating to the inaccurate statement of counsel.

   *2. Jury Instructions*

Mr. Belcher further objects to the Magistrate's recommended finding that trial counsel did not provide ineffective assistance of counsel in failing to request a jury instruction directly relating to the destruction of grand jury proceedings, ECF No. 513 at 23. ECF No. 516 at 6-7. Neither defense attorney requested that the Court provide a jury instruction relating to the destruction of grand jury proceedings, though the Court expressly indicated a willingness to provide such instruction upon request. ECF Nos. 357, 304, 306.

As correctly stated by the Magistrate, Mr. Belcher has not shown that Mr. Collias's decision not to request a corrective instruction was objectively unreasonable. Such corrective

instructions are neither automatically required nor regularly contemplated in circumstances such as these. *See United States v. Person*, 478 F.2d 659, 660 (D.C. Cir. 1973). Moreover, through review of reports relating to the witness's testimony and cross-examination, Mr. Collias had availed himself of meaningful opportunities to examine and challenge the witness's testimony and credibility. Relying on these opportunities rather than also requesting a corrective instruction would be a reasonable exercise of discretion.

Thus, in reviewing the evidence and arguments before the Court, it is apparent that Mr. Collias's decision not to request a jury instruction relating to the destroyed grand jury proceedings did not amount to objectively unreasonable necessary to support an ineffective assistance of counsel claim. The Court therefore agrees with and adopts the Magistrate's PF&Rs relating to the jury instructions.

### E. Issues Raised on Direct Appeal

Finally, Mr. Belcher objects to the Magistrate's recommended finding that appellate counsel, Mr. Victor, did not provide ineffective assistance of counsel in failing to raise a particular issue in the defendant's appeal despite a specific request by the defendant that he do so, ECF No 513 at 25-28. ECF No. 516 at 7-8. Mr. Belcher argues that he was "depriv[ed] of his right to a full public trial when the [District Court] conducted a separate conference room voir dire of fourteen of the thirty-seven prospective jurors that mostly expressed partially [sic] for law enforcement agents, and the Government." ECF No. 499-1 at 12.

Appropriately relying on the same standard applied in ineffective assistance of counsel claims relating to trial counsel, the Magistrate concluded that the defendant had waived his right to a public trial when counsel made no objections to and completely participated in voir dire questioning of individual jurors. ECF No. 513 at 28. Given this waiver, the issue quite likely—if

not certainly—would have been non-meritorious on appeal. Accordingly, the Court cannot conclude that Mr. Victor provided ineffective assistance of counsel in electing not to raise the non-meritorious issue on appeal.

Thus, in reviewing the evidence and arguments before the Court, it is apparent that Mr. Victor's decision not to raise a particular issue on appeal was not objectively unreasonable. The Court therefore agrees with and adopts the Magistrate's PF&Rs relating to issues raised on direct appeal.

### III.    Conclusion

For the foregoing reasons, this Court finds that the petitioner's objections lack merit. Accordingly, the Court **ADOPTS** the Magistrate's PF&Rs, which recommend that this Court **GRANT** the petitioner's Motion to Strike Grounds Three[] and Four [], ECF No. 486, **GRANT** the petitioner's Motion for Leave to [] Supplement [his § 2255] Motion . . . with [Three] Issues [], ECF No. 500, and **DENY** the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 474. The Court also **DENIES** the petitioner's request in his objections for an evidentiary hearing regarding his instant Motion because the facts are adequately presented in the materials before the Court, and thus such a hearing would not aid the decisional process. Additionally, the Court **FINDS** that jurists of reason would not find it debatable whether the petitioner's § 2255 Motion states a valid claim of the denial of a constitutional right and, thus, **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     September 10, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE