IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                      CRIMINAL ACTION NO. 3:09-00158-03

JASON P. BELCHER
          also known as "Biz"

MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Jason P. Belcher's Motion for Reduction of

Sentence under the First Step Act of 2018. *Eligibility Mem.*, ECF No. 575. For the reasons set forth

below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

I. BACKGROUND

On March 19, 2010, a jury found Defendant guilty of conspiracy to distribute cocaine base,

or "crack," in violation of 21 U.S.C. § 846, as well as distributing five grams or more of crack in

violation of 21 U.S.C. § 841(a)(1). *Eligibility Mem.*, at 1. While no statutory minimum attached to

Defendant's conspiracy conviction, his distribution conviction carried a five-year mandatory

minimum and a forty-year statutory maximum. These penalties were enhanced pursuant to a 21

U.S.C. § 851 Information, resulting in an enhanced statutory sentencing range of ten years to life

in prison and a term of supervised release of eight years.

With a total offense level of thirty-five and a criminal history category of III,[1] Defendant's

sentencing range under the Guidelines was originally calculated at 235 to 293 months. At

---

[1] The Court determined that Defendant's calculated criminal history score of seven overrepresented his actual criminal conduct, and accordingly reduced his criminal history score from seven to six. This moved Defendant from criminal history category IV to criminal history category III.

Defendant's July 6, 2010 sentencing, the Court varied slightly downward and imposed concurrent sentences of 216 months imprisonment on both convictions and an eight-year term of supervised release to follow.[2] *Id.* On August 23, 2018, the Court reduced Defendant's term of imprisonment to 188 months. *See Order Granting Defendant's § 3582 Mot.*, ECF No. 553.

To date, Defendant has served approximately 115 months in prison. *Probation Mem.*, at 4. While incarcerated, he has completed the drug education program, the non-residential drug treatment program, and "numerous" other educational courses. *Probation Mem.*, at 5. He has also worked as an orderly for approximately two years. *Id.* Though he has accumulated at least eleven sanctions while incarcerated, his last recorded incident occurred in May 2017.[3] *Id.* At present, Defendant could be released as early as February 26, 2022. *Id.* at 4.

## II. LEGAL STANDARD

When a court imposes a sentence of imprisonment, it is considered the final judgment on the matter and the court, as a general prohibition, "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B). However, a court can modify a sentence where it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

The First Step Act of 2018 states, in relevant part, that a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115–391, 132 Stat. 5194, § 404(b) (2018) (hereinafter "*The First Step Act*"). Section Two of the Fair

---

[2] The Court's revised calculations of Defendant's drug quantity and criminal history score resulted in a guideline range of 210 to 262 months.

[3] Information related to Defendant's institutional adjustment—including his progress in educational courses and any sanctions—are drawn from the Bureau of Prison's SENTRY inmate management system.

Sentencing Act increased the quantity of cocaine base, or "crack," which triggers a mandatory minimum penalty. Pub. L. No. 111-220, §2, 124 Stat. 2372 (2010). Section Three eliminated the statutory minimum sentence for simple possession of crack. *Id.* at § 3.

To be eligible for a reduction in sentence, a defendant's sentence must not have been imposed or previously reduced under sections two or three of the Fair Sentencing Act of 2010.[4] *Id.* at § 404(c). Nor can a defendant have been previously denied a reduction under § 404 of the First Step Act. *Id.* While a defendant, the Government, or the Court can move for a reduced sentence, individuals are not entitled to a reduction as courts are not required to grant relief under § 404. *Id.* The First Step Act therefore represents a broad grant of authority to the federal courts.

Courts in this district and throughout the Fourth Circuit agree that the proper mechanism to seek relief under the First Step Act is 18 U.S.C. § 3582(c)(1)(b).[5] *United States v. Banks*, No. 1:07-00157, 2019 WL 2221620, at *4 (S.D. W. Va. May 22, 2019) (Faber, J.) (citing *United States v. Shelton*, No. 3:07-329, 2019 WL 1598921, at *3 (D.S.C. April 15, 2019) (listing cases)). As such, the language of First Step Act controls the Court's ability to grant relief. *See Wright v. United States*, 393 F. Supp. 3d 432, 441 (E.D. Va. 2019). Under § 3582(c)(1)(B), a court can choose to conduct a simple mechanical reduction of a sentence based on a decreased exposure to statutory minimums and the correlating lower guideline range.

---

[4] The Fair Sentencing Act was enacted on August 3, 2010. Thus, the offending act must have been committed before this date.

[5] The U.S. Attorney's Office for the Southern District of West Virginia contends that the appropriate mechanism is 18 U.S.C. §3582(c)(2). This cannot be the case, as § 3582(c)(2) permits reductions when the Sentencing Commission has reduced the sentencing range subsequent to a defendant's sentencing. Here, the sentencing changes are not the result of the Commission's revisions, but Congress's enactment of a new statute. *See United States v. Shelton*, No. 3:07-329, 2019 WL 1598921, at *2 (D.S.C. April 15, 2019).

However, courts are not limited by § 3582(c)(1)(B). The First Step Act allows a court to "impose a reduced sentence" if an individual is eligible. *The First Step Act,* § 404(b). Reading the word "impose" consistently within the United States Code reveals that this equates to the announcement of a convicted person's sentence. *See* 18 U.S.C. §§ 3553(a) and 3582(a). Therefore, the First Step Act grants courts statutory authority to conduct a full resentencing, in addition to the discretion to decide when doing so is appropriate. *See Wright*, 393 F. Supp. 3d at 441. Whether or not a court decides to resentence a defendant, the language of the First Step Act does not require a hearing. *See id.* at 441. It is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case.

When considering the statutory authority under the First Step Act, federal courts presume Congress acts in the context of relevant case law. *Abuelhawa v. United States*, 556 U.S. 816, 821 (2009) (citing *Williams v. Taylor*, 529 U.S. 362, 380–81, n.12 (2000). The Fair Sentencing Act, and its application through the First Step Act, is administered in light of the Supreme Court's decision in *United States v. Booker*, which held that mandatory guideline ranges are unconstitutional. 543 U.S. 220, 244–45 (2005). While *Booker* is not retroactively applied on a collateral attack, a court may now vary outside of the guideline range if it chooses to conduct a full resentencing. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). This includes variances based on policy disagreements with the Sentencing Guidelines. *See Kimbrough v. U.S.*, 552 U.S. 85 (2007).

Once a defendant is determined to be eligible, the Court must examine the statutory threshold to which that defendant pleaded and compare it to the alteration of the applicable law. The Court recognizes that the drug quantity listed in an indictment traditionally tracks the statutory

minimums to ensure a defendant's plea or conviction complies with the Sixth Amendment. It is not illogical to speculate that had the Fair Sentencing Act been enacted at the time of a defendant's plea, the elevated statutory amounts would be listed in the indictment and may have had little to no impact on the defendant's decision to plea. *See United States v. Blocker*, No. 4:07-36-RH, 2019 WL 2051957, at *4 (N.D. Fla. Apr. 25, 2019) (explaining "indictment-controls" versus "offense-controls" theories, and adopting the latter).

Yet to assume such a fact impermissibly alters the indictment and unconstitutionally abridges a defendant's Sixth Amendment rights. *See Alleyne v. United States*, 570 U.S. 99 (2013). In the context of First Step Act cases, this is true whether a court is conducting a full resentencing or not. *See*, *e.g.*, *United States v. Smith*, 379 F. Supp. 3d 543, 546–47 (W.D. Va. May 13, 2019). Due to the constitutional considerations, this Court—along with a number of others— adopts an "indictment-controls" interpretation of the First Step Act's impact on a defendant's plea. *United States v. Springs*, No. 3:05-CR-00042-FDW-1, 2019 WL 3310092 (W.D.N.C. July 23, 2019) (applying *Alleyne* to First Step Act cases) (listing cases).

### III. DISCUSSION

In reviewing the instant case, the Court considered the pleadings, the original presentence report, the judgment order and statement of reasons, correspondence from Defendant's family members, and the memorandum submitted by the Probation Office, which includes a summary of the defendant's institutional adjustments while in the custody of the Bureau of Prisons.

The Court will begin by observing that Defendant was only convicted of distributing five grams or more of crack. *See Jury Verdict*, ECF No. 341, at 2. The distribution of five grams or more of crack exposes Defendant to the statutory penalties outlined in 21 U.S.C. § 841(b)(1)(C)—

namely, a maximum term of imprisonment of thirty years and a minimum term of supervised release of six years.[6] Turning to the Sentencing Guidelines, the Court notes that Defendant's total offense level remains unchanged at thirty-three from the date of his 2018 resentencing. Nevertheless, the First Step Act authorizes the Court to sentence the defendant anew and enter a variance as it deems appropriate.

The United States Sentencing Guidelines recommends a term of imprisonment for crack offenses that is disproportionate to those suggested for powder cocaine offenses by a ratio of 18:1. This Court historically addresses that disparity by varying downward and employing a ratio of 10:1. While there is no meaningful difference in the chemical composition of the two, the Court recognizes the particular impact crack has had on this community. The blight of this epidemic, together with the particularly predatory manner in which it is marketed, justifies this increase compared to powder cocaine. The Court sees fit to exercise its authority to vary downward when imposing a reduced sentence for this defendant, which results in a new total offense level of thirty-one. With a criminal history category of IV, Defendant's revised guideline range is 151 to 188 months imprisonment.

The Court's analysis of the Guidelines does not end here, however. At his original sentencing, the Court determined that Defendant's seven criminal history points—resulting in a criminal history category of IV—overrepresented his actual criminal history. *See Sentencing Tr.*, at 43–44. As a result, the court reduced Defendant's criminal history score by one point. *Id.* at 44. A new total of six criminal history points resulted in a criminal history category of III, which the Court applied when calculating Defendant's original sentence. The Court sees no sound rationale

---

[6] Defendant's penalties are enhanced pursuant to the United States' § 851 Information.

for repudiating this reasoning today. As such, the Court will again reduce Defendant's criminal history score by one point. A criminal history category of III and a total offense level of thirty-one results in a revised guideline range of 135 to 168 months imprisonment.

Based on the issues present in the case and the authority under § 404 of the First Step Act, the Court determines that a hearing is not necessary to effectuate justice. After considering the Defendant's guideline range, the nature and circumstances of the offense, the history and characteristics of the defendant, the needs for deterrence, and the other relevant factors under 18 U.S.C. § 3553, the Court finds that a sentence at the bottom of the revised guideline range calculated above is appropriate. The Court accordingly sentences Defendant to 135 months imprisonment, but not less than time served, to be followed by a mandatory minimum six years of supervised release. This Order in no way alters any other aspect of the Court's previous judgment in this case.

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS IN PART** Defendant's motion to reduce sentence under the First Step Act, ECF No. 575, and **ORDERS** the defendant's sentence be **REDUCED** to 135 months imprisonment, but not less than time served, and six years of supervised release. To the extent that Defendant requests a hearing before imposing this reduced sentence, the Court **DENIES IN PART** his motion. The Court further **ORDERS** any good time credit and the revised release date be calculated within **fourteen days** of the entry of this Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States

Marshals Service.

ENTER:     November 4, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE